## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIONE FEARS, JOSE GOMEZ, and FRANCISCO BERMUDEZ, on behalf of themselves and all other similarly situated persons, known and unknown, <br><br>              Plaintiffs, <br><br>     v. <br><br> OJKAV, INC. and FEDEX GROUND PACKAGING SYSTEM, INC., DIONE FEARS, JOSE GOMEZ, and FRANCISCO BERMUDEZ <br><br>              Defendants. | Case No. 1:19-cv-01827 <br><br> **The Honorable Manish S. Shah** |

## <u>FEDEX GROUND'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

FedEx Ground Package System, Inc. ("FedEx Ground") answers the Complaint as follows:

The Complaint includes an introductory paragraph before its paragraph 1. This paragraph is not pleaded as allegations and therefore requires no response. To the extent a response is required, however, FedEx Ground denies that this action is properly a collective or class action lawsuit. FedEx Ground denies all remaining allegations in the introductory paragraph.

## NATURE OF ACTION

1.      Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and a class action in the State of Illinois under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, et seq. ("IMWL"), based upon Defendants' failure to properly or fully compensate them for hours worked in excess of forty (40) per workweek.

**ANSWER:**    Paragraph 1 is not pleaded as allegations and therefore requires no response. To the extent a response is required, however, FedEx Ground denies that this action is properly a collective or class action lawsuit, denies that Plaintiffs or others have been employed by FedEx Ground, denies that there are similarly situated persons, denies that persons employed by FedEx Ground have not received overtime compensation as asserted, and denies that Plaintiffs are entitled to any of the relief therein cited. FedEx Ground denies all remaining allegations in paragraph 1.

2.      Plaintiff Gomez also brings an individual claim against Defendants pursuant to the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 et seq. ("IWPCA"), based upon Defendants' failure to pay Gomez at the agreed-upon rate for each stop he made.

**ANSWER:** Fedex Ground admits that Plaintiff Gomez alleges an individual claim against FedEx Ground but denies that FedEx Ground had any agreement with Gomez about his pay and denies that it has any responsibility for Gomez's pay. FedEx Ground denies all remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** FedEx Ground denies the allegations in paragraph 3. FedEx Ground specifically avers that jurisdiction is improper for any putative class or class member outside the state of Illinois.

4.      The unlawful employment practices described herein were committed at Defendants' facilities located within the State of Illinois, as well as (with respect to certain putative Collective Class members) other facilities nationwide. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** FedEx Ground denies the allegations in paragraph 4.

## PARTIES

5.      Dione Fears resides in Chicago, Illinois, in this judicial district, and has worked as a delivery driver for Defendants beginning in or around April 2018 and continuing through the present date.

**ANSWER:** FedEx Ground denies that it ever employed Dione Fears as a driver or otherwise. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6. Jose Gomez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately March 2016 through approximately February 2019.

**ANSWER:** FedEx Ground denies that it ever employed Jose Gomez as a driver or otherwise. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

7. Francisco Bermudez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately September 2016 through approximately March 2018.

**ANSWER:** FedEx Ground denies that it ever employed Francisco Bermudez as a driver or otherwise. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. The Named Plaintiffs and the nationwide FLSA Collective Class (the "FLSA Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week.

**ANSWER:** FedEx Ground denies that it ever employed the Named Plaintiffs or putative class members. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.      The Named Plaintiffs and the Illinois State IMWL Class (the "IMWL Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries in Illinois, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week.

**ANSWER:** FedEx Ground denies that it ever employed the Named Plaintiffs or putative class members. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.      During the relevant statutory periods, the Named Plaintiffs and all members of the FLSA and IMWL Classes were employed by Defendants as "employees" as defined by the FLSA and IMWL. Gomez was an "employee" of the Defendants as defined by the IWPCA.

**ANSWER:** FedEx Ground denies the allegations in paragraph 10.

11.      During the course of their employment, the Named Plaintiffs and members of the FLSA and IMWL Classes were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

**ANSWER:** The allegations in paragraph 11 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 11.

12.     Ojkav, Inc. is a Contractor Service Provider ("CSP") of Fedex Ground, and employs pickup and delivery drivers throughout the nation. Ojkav is an Illinois corporation that does business in Illinois and throughout the nation.

**ANSWER:**     FedEx Ground denies that Ojkav provides services for it throughout the nation. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13.     FedEx Ground is a package shipping company that is a subsidiary of the FedEx Corporation. It is headquartered in Moon Township, Pennsylvania, but does business nationwide. The Named Plaintiffs each worked from FedEx Ground's facility in or near Mokena, Illinois.

**ANSWER:**     FedEx Ground admits the first two sentences of paragraph 13. FedEx Ground denies the allegations in the third sentence of paragraph 13.

14.     During the relevant statutory periods, the Defendants were the Plaintiffs' "employers" as defined by the FLSA and IMWL, and were Gomez' "employer" as defined by the IWPCA.

**ANSWER:**     The allegations in paragraph 14 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 14.

## FACTUAL ALLEGATIONS

15.     The Named Plaintiffs and each member of the FLSA and IMWL Classes worked as pickup and delivery drivers for the Defendants during relevant statute of limitations.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 15.

16.     Neither the Named Plaintiffs nor any member of the FLSA and IMWL Classes drove over state lines during the course of their delivery routes; they each made only local, intrastate deliveries for the Defendants.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.     Neither the Named Plaintiffs nor any member of the FLSA or IMWL Classes exercised significant discretion in the execution of his or her job duties.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 17.

18.     At the beginning of their shifts, the Named Plaintiffs were required to report to FedEx Ground's terminal in order to pick up and pack their deliveries for the day.

**ANSWER:**     To the extent paragraph 18 is alleging that FedEx Ground imposed any such requirement, FedEx Ground denies the allegations in paragraph 18. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 as it relates to the entities that employed the Named Plaintiffs and therefore denies them.

19.     The Named Plaintiffs received information about their deliveries and schedule from both Defendants.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 19.

20.     The Named Plaintiffs were not compensated for any time that they spent at the FedEx Ground terminal prior to leaving for their routes.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.     Neither Defendant accurately tracked the amount of time that the Named
Plaintiffs spent at the FedEx Ground terminal prior to leaving for their routes.

**ANSWER:**     FedEx Ground admits that it did not track Named Plaintiffs' time at all,
except that Named Plaintiffs tracked their own on-duty, dispatch, and off-duty times as required
by the Department of Transportation. FedEx Ground is without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and
therefore denies them.

22.     The Named Plaintiffs estimate that they routinely spent approximately 2-3 hours
at the FedEx Ground terminal each morning, loading their trucks and preparing for their day.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a
belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     Upon leaving the FedEx Ground Facility in order to begin their delivery routes,
the Named Plaintiffs were required to log in with FedEx using a FedEx scanner that tracked
deliveries.

**ANSWER:**     FedEx Ground admits that it did not track Named Plaintiffs' time at all,
except that Named Plaintiffs tracked their own on-duty, dispatch, and off-duty times as required
by the Department of Transportation. FedEx Ground denies the remaining allegations in
paragraph 23.

24.     Upon leaving the FedEx Ground Facility in order to begin their delivery routes,
the Named Plaintiffs could also punch in using a Google app.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a
belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25.     During the day, the Named Plaintiffs did not break for lunch or to rest; they routinely packed their own lunch and snacks, and ate as they drove between delivery locations.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     The Named Plaintiffs wore FedEx uniforms that had Ojkav's logo embroidered on the sleeve. These uniforms were provided by Ojkav.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     The Named Plaintiffs drove trucks that prominently displayed the FedEx logo.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.     The Named Plaintiffs exclusively delivered packages routed to Okjav by FedEx Ground, while employed by Okjav.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29.     At the end of each day, the Named Plaintiffs were required to return to the FedEx Ground facility in order to return their trucks.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30.     Based on the records from FedEx's scanner system, FedEx Ground generates a weekly settlement report showing the details of each driver's stops, packages, density stops, and deliveries.

**ANSWER:** FedEx Ground admits that it compensates Independent Service Providers ("ISPs") by stops and packages delivered as well as many other components identified in the Independent Service Provider Agreements ("ISPAs"). FedEx Ground denies the remaining allegations in paragraph 30.

31. A manager from FedEx Ground reviews and signs off on the Named Plaintiffs' settlement sheets, and provides them with their route each day.

**ANSWER:** FedEx Ground denies the allegations in paragraph 31.

32. Ojkav processes the FedEx settlement sheets and issues compensation to the Named Plaintiffs on a weekly basis.

**ANSWER:** FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Upon information and belief, both Defendants play an integral role in the compensation practices and procedures applicable to the Named Plaintiffs.

**ANSWER:** FedEx Ground denies the allegations in paragraph 33. Indeed, FedEx Ground has no involvement with how ISPs decide to compensate their employees and does not know what ISPs compensate their employees.

34. Defendants compensated Plaintiffs Fears and Bermudez on a salary basis that was intended to cover a 40-hour workweek.

**ANSWER:** FedEx Ground denies it ever compensated Plaintiffs Fears and Bermudez anything, as it did not employ them and was not involved in how they were compensated. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 34 as they relate to Ojkav's compensation to Plaintiffs and therefore denies them.

35.     Defendants compensated Plaintiff Gomez on a piece rate basis, paying him per stop.

**ANSWER:**     FedEx Ground denies it ever compensated Plaintiff Gomez anything, as it did not employ him and was not involved in how he was compensated. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 as they relate to Ojkav's compensation to Plaintiff and therefore denies them.

36.     All the Named Plaintiffs worked significant overtime hours on a weekly basis: Plaintiff Fears estimates that he routinely worked 50-60 hours per week, and upwards of 60-70 hours per week during busy periods; Plaintiff Gomez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods; and Plaintiff Bermudez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.     The Named Plaintiffs observed that other drivers also worked a significant number of overtime hours each week.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     Members of the putative FLSA and IMWL Classes in fact regularly worked more than forty (40) hours each week.

**ANSWER:** FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. Defendants did not pay the Named Plaintiffs or any member of the putative FLSA or IMWL Classes any additional compensation for time that they worked in excess of forty (40) hours per week.

**ANSWER:** FedEx Ground denies it compensated Named Plaintiffs or the putative class anything, as it did not employ them and was not involved in how they were compensated. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 as they relate to the ISPs that employed the Named Plaintiffs and the putative class and therefore denies them.

40. Defendants categorized the Named Plaintiffs and all members of the putative Classes as "exempt" from the overtime provisions of the FLSA and IMWL.

**ANSWER:** FedEx Ground did not employ the Named Plaintiffs and the putative class members, and thus did not categorize them as anything. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 as they relate to the ISPs that employed the Named Plaintiffs and the putative class and therefore denies them.

41. Upon information belief, all putative FLSA and IMWL class members were required to work similar hours, under similar conditions, and pursuant to the same compensation policies and practices as described herein by the Named Plaintiffs.

**ANSWER:** FedEx Ground denies the allegations in paragraph 41.

11

42.     The Defendants' policies and practices with regard to their failure to properly classify drivers as non-exempt employees, track and record drivers' hours, and/or accurately pay its drivers overtime workweek-by-workweek, were applied uniformly with respect to the Named Plaintiffs and all members of the putative FLSA and IMWL Classes.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 42.

43.     The Defendants knew or should have known about their obligations to compensate its drivers at the appropriate overtime rate for hours worked in excess of forty (40) per week.

**ANSWER:**     FedEx Ground did not employ the Named Plaintiffs and the putative class members and thus denies the allegations in paragraph 43 pertaining to it. As pertaining to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

## CLASS ALLEGATIONS

44.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following IMWL class:

All persons who (1) worked for Okjav and/or FedEx Ground as pickup and delivery drivers (2) in the State of Illinois (3) during the three years preceding the filing of this lawsuit, who (4) made only local, intrastate deliveries and (5) worked over forty hours in at least one workweek but (5) were classified as "exempt" under the Illinois Minimum Wage Law.

**ANSWER:** FedEx Ground admits that Plaintiffs purport to bring this case as described in paragraph 44 but denies that Plaintiffs can bring this case as described in paragraph 44. FedEx Ground denies the remaining allegations in paragraph 44.

45. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the Plaintiff Class numbers between fifty and several hundred individuals over the statutory timeframe.

**ANSWER:** FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that Defendants misclassified its drivers as exempt employees when they were in fact entitled to receive overtime compensation for hours worked in excess of forty in one workweek. In short, the claims of the Named Plaintiffs are identical to the claims of the class members.

**ANSWER:** FedEx Ground denies the allegations in paragraph 46.

47. The Named Plaintiffs are adequate representatives of the IMWL Class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the Named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

**ANSWER:** FedEx Ground denies the allegations in paragraph 47.

48. Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

**ANSWER:** FedEx Ground denies the allegations in the first sentence of paragraph 48. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 48 and therefore denies them.

49. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

**ANSWER:** FedEx Ground denies the allegations in paragraph 49.

## COUNT I
## FAIR LABOR STANDARDS ACT
## (NATIONWIDE COLLECTIVE ACTION)

50. The Named Plaintiffs incorporate the above paragraphs though fully set forth herein.

**ANSWER:** FedEx Ground incorporates here paragraphs 1-49 above.

51. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for its failure to pay the Named Plaintiffs and all members of the FLSA Class for all hours worked, and overtime wages for all hours worked in excess of forty (40) per workweek.

**ANSWER:** FedEx Ground denies that it committed any violation cited in paragraph 51. As to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. The Named Plaintiffs attach as Gr. Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

**ANSWER:**     The allegations in paragraph 52 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 52.

53.     All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the FLSA, on company-wide bases for at least all members of the FLSA Class.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 53.

54.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 54.

55.     The Named Plaintiffs' experiences are typical of the experiences of the putative members of the FLSA Class, as set forth above.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 55.

15

56.     For all members of the FLSA Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire FLSA Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

**ANSWER:**     FedEx Ground denies the allegations in paragraph 56.

57.     The members of the FLSA Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:**     FedEx Ground denies that it employs any member of the putative FLSA class. As to the remaining allegations, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a)     Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)     Entering an injunction precluding Defendants from violating the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq.; and

f)     Awarding such additional relief as the Court may deem just and proper.

**ANSWER:**     FedEx Ground denies that Plaintiffs and the putative class are entitled to

any of the relief sought in the "WHEREFORE" paragraph and subparagraphs following

paragraph 57.

**COUNT II**
**ILLINOIS MINIMUM WAGE LAW**
**(ILLINOIS STATE CLASS ACTION)**

58.     The Named Plaintiffs incorporate the above paragraphs as though fully set forth

herein.

**ANSWER:**     FedEx Ground incorporates here paragraphs 1-57 above.

59.     This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat.

105/1, et seq., for their failure to pay the Named Plaintiffs for all hours worked or to pay any

overtime wages for all hours worked in excess of forty (40) per workweek.

**ANSWER:**     FedEx Ground denies that it committed any violation cited in paragraph

59. As to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 51 and therefore denies them.

60.     All past and present employees of Defendants who performed non-exempt work

as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per

workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their

compensation policies, which violate the IMWL, on company-wide bases for at least all

members of the IMWL Class.

17

**ANSWER:**     FedEx Ground denies the allegations in paragraph 60.

61.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the IMWL, since Defendants' conduct shows that they either knew that its conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 61.

62.     The Named Plaintiffs' experiences are typical of the experiences of the putative members of the IMWL Class, as set forth above.

**ANSWER:**     FedEx Ground denies the allegations in paragraph 62.

63.     The members of the IMWL Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:**     FedEx Ground denies that it employs any member of the putative IMWL class. As to the remaining allegations, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a)     Certifying this matter as a class action and finding that the Named Plaintiffs are adequate class representatives;

b)     Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all Class members pursuant to the IMWL;

c)     Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

d)     Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

e)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

f)     Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; and

g)     Ordering such other and further relief as this Court deems appropriate and just.

**ANSWER:**    FedEx Ground denies that Plaintiffs and the putative class are entitled to any of the relief sought in the "WHEREFORE" paragraph and subparagraphs following paragraph 63.

### COUNT III
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (INDIVIDUAL ACTION)

64.     Gomez incorporates the above paragraphs as though fully set forth herein.

**ANSWER:**    FedEx Ground incorporates here paragraphs 1-63 above.

65.     The IWPCA requires that employers pay employees all wages earned, and shall pay all final compensation of separated employees in full. 820 Ill. Comp. Stat. §§ 115/3, 115/5.

**ANSWER:**    The allegations in paragraph 65 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 65.

66.     For approximately the first full year of Gomez' employment with Defendants, Defendants compensated Gomez at the rate of $1.45 per stop (regardless of how many packages

he dropped at any particular stop, and regardless of the size of the packages he dropped at any particular stop).

**ANSWER:** FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

67.  Gomez and the Defendants had an agreement in practice that Defendants would pay Gomez at the rate of $1.45 per stop.

**ANSWER:** FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

68.  Although there is no explicit written agreement between the parties reflecting the compensation rate of $1.45 per stop, Plaintiff Gomez believes that Defendants are in possession of documentation – including compensation records and records reflecting the number of stops he made per pay period – which establish the agreed-upon rate.

**ANSWER:** FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation, and also denies that it has any documents related to Gomez's compensation in its possession. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

69.     In or around the spring of 2017, upon information and belief, FedEx Ground entered into a contract with the United States Postal Service ("USPS"), and began to deliver certain packages for the USPS through Ojkav.

**ANSWER:**     FedEx Ground admits that it has an agreement with USPS to deliver some packages through Smart Post. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

70.     Gomez realized that when he delivered USPS packages, Defendants paid him at a reduced rate of $1.00 per stop.

**ANSWER:**     FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

71.     Gomez raised his concern to the Defendants that he was being underpaid per stop for delivering USPS packages. In response, Defendants assured him that he would not be required to deliver no more than 10 packages per day for USPS. On that basis, Gomez agreed to deliver no more than 10 USPS packages per day at the reduced rate of $1.00 per stop.

**ANSWER:**     FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation, nor did FedEx Ground have conversations with Gomez about his compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

72.     However, beginning shortly thereafter, the number of USPS package stops began to significantly increase. During some weeks, USPS package stops comprised approximately half of Gomez' deliveries.

**ANSWER:**     FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.     Despite Gomez not agreeing to deliver no more than 10 USPS package stops at the reduced $1.00/stop rate, Defendants continued to compensate Gomez at the reduced rate of $1.00 per stop for each USPS package stop that he made, even exceeding 10 in a day.

**ANSWER:**     FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

74.     As a result, Gomez was not paid the full amount of compensation ($1.45 per stop, above 10 USPS package stops per day at the $1.00 per stop reduced rate) previously agreed to by the parties.

**ANSWER:**     FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

75.     As described above, Defendants never provided Gomez with the full amount of his earned compensation.

**ANSWER:**    FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

76.    Following Gomez' separation from the Defendants in or around February, Defendants have still not provided Gomez with the compensation due to him per their agreements.

**ANSWER:**    FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

77.    Defendants' failure to pay Gomez his earned compensation constitutes a failure to pay Gomez his earned wages under the IWPCA and failure to provide final compensation in violation of the IWPCA.

**ANSWER:**    FedEx Ground denies that it compensated Gomez anything, as it did not employ Gomez and did not have any sort of agreement with Gomez for compensation. As to the remaining allegations as they relate to Ojkav, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

WHEREFORE, Plaintiff Gomez respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, including:

a)    Awarding judgment against the Defendants by ordering payment to Gomez in the amount promised to him, and owed to him, due to Defendants' violations of the IWPCA;

b)       Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;

c)       Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

d)       Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e)       Such other and further relief as this Court deems just under the circumstances.

**ANSWER:**     FedEx Ground denies that Plaintiff Gomez is entitled to any of the relief sought in the "WHEREFORE" paragraph and subparagraphs following paragraph 77.

## JURY TRIAL DEMANDED

FedEx Ground demands a jury trial on all claims so triable.

## DEFENSES

Standing fully on its right to plead defenses in the alternative, FedEx Ground asserts the following additional or affirmative defenses and reserves the right to amend this answer to assert other and further additional or affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate. By designating these matters as "defenses," FedEx Ground does not suggest either that Plaintiffs do not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiffs must establish to make a prima facie case on one or more of their claims against FedEx Ground. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

As additional defenses, FedEx Ground alleges as follows:

1.       The claims of Plaintiffs and any other putative class members or collective action members who have opted in or may later opt in to this suit and on whose behalf Plaintiffs purport

24

to bring this collective and class action ("FLSA Collective and Class Action Members") are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

2. FedEx Ground is entitled to costs under Federal Rule of Civil Procedure 41(d).

3. The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

4. The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred in whole or in part due to lack of standing.

5. The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion, and by cases filed before this one asserting the same claims on behalf of the same individuals.

6. The claims of Plaintiffs and any FLSA Collective and Class Action Members, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual, mandatory, and binding arbitration.

7. To the extent that Plaintiffs and any FLSA Collective and Class Action Members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

8. The claims of Plaintiffs and any FLSA Collective and Class Action Members are subject to the FLSA's two-year limitations period, and any state counterpart, because any

25

violation of the FLSA and state counterpart, which FedEx Ground denies, was not willful and reckless as required to apply a three-year limitations period.

9.  The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred or reduced by their failure to mitigate or avoid their damages, if any.

10.  The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred, in whole or in part, by their failure to properly report or document their hours worked.

11.  At all pertinent times, FedEx Ground acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations with regard to some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating federal or state law, and with no actual or constructive notice of any FLSA or state law violation.

12.  FedEx Ground at all times acted in good faith to comply with the FLSA and state law and with reasonable grounds to believe that its actions did not violate the FLSA or state law, and FedEx Ground asserts a lack of willfulness or intent to violate the FLSA or state law as a defense to any claim for liquidated damages.

13.  FedEx Ground has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to FedEx Ground's obligation to pay any sum that may be alleged to be due.

14.  This action is barred to the extent Plaintiffs or any FLSA Collective or Class Action Members seek recovery for time that is not compensable time under the FLSA or state law claims.

15.     The damages, if any, of Plaintiffs and any FLSA Collective and Class Action Members were proximately caused by persons or entities other than FedEx Ground, including ISPs, Plaintiffs, and/or FLSA Collective and Class Action Members.

16.     FedEx Ground reserves the right to seek contribution and/or indemnification from other parties whose actions contributed to or caused the damages of Plaintiffs and any FLSA Collective and Class Action Members, which damages are specifically denied.

17.     The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred or preempted, in whole or in part, by federal law, including, without limitation, by the regulation of interstate and intrastate commerce in general and the transportation industry in particular, including, but not limited to, the Motor Carrier Exemption, 29 U.S.C. §213(b)(1).

18.     The claims of Plaintiffs and any FLSA Collective and Class Action Members are barred in whole or in part because these individuals are exempt from the overtime requirements of the FLSA and state law.

19.     The Complaint cannot and should not be maintained on a collective or class action basis because the claims fail to meet the necessary requirements for certification as a collective or class action.

20.     Plaintiffs Fears, Gomez, and Bermudez do not and cannot fairly and adequately protect the interests of the putative FLSA Collective and Class Action Members.

21.     Plaintiffs cannot establish that they are similarly situated to others for purposes of a collective action against FedEx Ground under the FLSA.

22.     The claims of Plaintiffs and any FLSA Collective or Class Action Members are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction and/or other equitable defenses.

23.     Plaintiffs and any FLSA Collective and Class Action Members have sustained no damages or, if any, de minimis damages, which are not actionable under the FLSA or state law.

24.     FedEx Ground is not a proper defendant because it did not employ Plaintiffs or any FLSA Collective and Class Action Members, and otherwise was not responsible for the employment actions and practices of which Plaintiffs complain.

25.     Plaintiffs and any FLSA Collective and Class Action Members worked for incorporated businesses that employed the drivers who performed pick-ups and deliveries and, as such, those incorporated businesses, not FedEx Ground, were responsible for ensuring Plaintiffs and FLSA Collective and Class Action Members proper compensation.

## RESERVATION OF RIGHTS

FedEx Ground has not knowingly or intentionally waived any applicable defenses, and it reserves the right to amend its Answer and Defenses as warranted through the discovery process and to assert additional defenses that may become known to it.

## PRAYER FOR RELIEF

FedEx Ground respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment for FedEx Ground, and that the Court award FedEx Ground its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

28

Dated:  April 10, 2019.

Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   scott@wtotrial.com

Attorneys for Defendants FedEx Ground Package
System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 10, 2019, I electronically filed the foregoing **FEDEX GROUND'S ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below.

- **Alejandro Caffarelli**
  acaffarelli@caffarelli.com, jgermann@caffarelli.com

- **Madeline K. Engel**
  mengel@caffarelli.com, jgermann@caffarelli.com

- **Lorraine Teraldico Peeters**
  lpeeters@caffarelli.com, jgermann@caffarelli.com

- **Scott H. Gingold**
  scott@gingoldlegal.com


*s/ Jessica G. Scott*