# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIONE FEARS, JOSE GOMEZ, and FRANCISCO BERMUDEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>        Plaintiffs,<br><br>   v.<br><br>OJKAV, INC. and FEDEX GROUND PACKAGING SYSTEM, INC., DIONE FEARS, JOSE GOMEZ, and FRANCISCO BERMUDEZ<br><br>        Defendants. | Case No. 1:19-cv-01827<br><br>**The Honorable Manish S. Shah** |

## <u>OJKAV'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

OJKAV, Inc. ("OJKAV") answers the Complaint as follows:

The Complaint includes an introductory paragraph before its Paragraph 1. This paragraph is not pleaded as allegations and therefore requires no response. To the extent a response is required, however, OJKAV denies that this action is properly a collective or class action lawsuit. OJKAV denies all remaining allegations in the introductory paragraph.

## NATURE OF ACTION

1.      Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and a class action in the State of Illinois under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, et seq. ("IMWL"), based upon Defendants' failure to properly or fully compensate them for hours worked in excess of forty (40) per workweek.

**ANSWER:**    OJKAV admits that Plaintiffs purport to bring claims under the FLSA and the IMWL.  However, OJKAV denies that this action is properly a collective or class action lawsuit, denies that there are similarly situated persons, denies the alleged wrongdoing, and denies that Plaintiffs are entitled to any of the relief therein cited.  OJKAV denies all remaining allegations of Paragraph 1.

2.      Plaintiff Gomez also brings an individual claim against Defendants pursuant to the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 et seq. ("IWPCA"), based upon Defendants' failure to pay Gomez at the agreed-upon rate for each stop he made.

**ANSWER:**    OJKAV admits that Plaintiff Gomez purports to bring an individual claim under the IWPCA.  However, OJKAV denies the alleged wrongdoing, and denies that Plaintiff Gomez is entitled to any of the relief therein cited.  OJKAV denies all remaining allegations of Paragraph 2.

1

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**     Whether this Court has jurisdiction is a conclusion of law to which no response is required.  OJKAV denies the factual allegations of Paragraph 3.  OJKAV specifically avers that jurisdiction is improper for any putative class or class member in any state in which OJKAV does not have employees.

4.     The unlawful employment practices described herein were committed at Defendants' facilities located within the State of Illinois, as well as (with respect to certain putative Collective Class members) other facilities nationwide. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**     OJKAV denies the allegations of Paragraph 4.

## PARTIES

5.     Dione Fears resides in Chicago, Illinois, in this judicial district, and has worked as a delivery driver for Defendants beginning in or around April 2018 and continuing through the present date.

**ANSWER:**     OJKAV admits that Plaintiff Fears has worked for OJKAV as a delivery driver from April 2018 through the present.  On information and belief, OJKAV admits that Plaintiff Fears lives in Chicago, Illinois.  OJKAV denies any remaining allegations in Paragraph 5.

6.     Jose Gomez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately March 2016 through approximately February 2019.

**ANSWER:**     OJKAV admits that Plaintiff Gomez worked for OJKAV as a delivery driver from approximately March 2016 through February 2019.  OJKAV is without knowledge or

information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gomez's current residence, and therefore denies them. OJKAV denies any remaining allegations in Paragraph 6.

7.      Francisco Bermudez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately September 2016 through approximately March 2018.

**ANSWER:**     OJKAV admits that Plaintiff Bermudez worked for OJKAV as a delivery driver from September 2016 through March 2018. OJKAV is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Bermudez's current residence, and therefore denies them. OJKAV denies any remaining allegations in Paragraph 7.

8.      The Named Plaintiffs and the nationwide FLSA Collective Class (the "FLSA Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week.

**ANSWER:**     OJKAV admits that the "Named Plaintiffs" are one current and two former OJKAV employees who worked as delivery drivers. OJKAV denies the remaining allegations and conclusions of Paragraph 8.

9.      The Named Plaintiffs and the Illinois State IMWL Class (the "IMWL Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries in Illinois, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week.

**ANSWER:**     OJKAV admits that the "Named Plaintiffs" are one current and two former OJKAV employees who worked as delivery drivers. OJKAV denies the remaining allegations of Paragraph 9.

10.     During the relevant statutory periods, the Named Plaintiffs and all members of the FLSA and IMWL Classes were employed by Defendants as "employees" as defined by the FLSA and IMWL. Gomez was an "employee" of the Defendants as defined by the IWPCA.

**ANSWER:**     The duration of any "relevant statutory periods" are not alleged, and therefore OJKAV cannot respond accurately to any factual allegations within Paragraph 10. Whether any person is an "employee" within the meaning defined by a statute is conclusion of law to which no response is required.   OJKAV admits that each of the "Named Plaintiffs" was employed by OJKAV for the respective periods specified in its responses to Paragraphs 5-7. OJKAV denies the remaining allegations and conclusions of Paragraph 10.

11.     During the course of their employment, the Named Plaintiffs and members of the FLSA and IMWL Classes were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

**ANSWER:**     The allegations in Paragraph 11 contain conclusions of law to which no response is required.  To the extent that a response is required, OJKAV denies the allegations of Paragraph 11.

12.     Ojkav, Inc. is a Contractor Service Provider ("CSP") of Fedex Ground, and employs pickup and delivery drivers throughout the nation. Ojkav is an Illinois corporation that does business in Illinois and throughout the nation.

**ANSWER:**     OJKAV admits that it provides certain services to FedEx Ground pursuant to an Independent Service Provider Agreement between them.  OJKAV further admits that it employs pickup and delivery drivers.  OJKAV further admits that it is an Illinois corporation that does business in Illinois.  OJKAV denies the remaining allegations of Paragraph 12.

13.    FedEx Ground is a package shipping company that is a subsidiary of the FedEx Corporation. It is headquartered in Moon Township, Pennsylvania, but does business nationwide. The Named Plaintiffs each worked from FedEx Ground's facility in or near Mokena, Illinois.

**ANSWER:**    OJKAV denies the allegations of the third sentence of Paragraph 13. OJKAV is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore denies them.

14.    During the relevant statutory periods, the Defendants were the Plaintiffs' "employers" as defined by the FLSA and IMWL, and were Gomez' "employer" as defined by the IWPCA.

**ANSWER:**    The duration of any "relevant statutory periods" are not alleged, and therefore OJKAV cannot respond accurately to any factual allegations within Paragraph 14. Whether any entity is an "employer" within the meaning defined by a statute is conclusion of law to which no response is required.  OJKAV admits that each of the "Named Plaintiffs" was employed by OJKAV for the respective periods specified in its responses to Paragraphs 5-7. OJKAV denies the remaining allegations and conclusions of Paragraph 14.


## FACTUAL ALLEGATIONS

15.    The Named Plaintiffs and each member of the FLSA and IMWL Classes worked as pickup and delivery drivers for the Defendants during relevant statute of limitations.

**ANSWER:**    The period defining the alleged "relevant statute of limitations" is not alleged, and therefore OJKAV cannot respond accurately to any factual allegations within Paragraph 15.  OJKAV admits that each of the "Named Plaintiffs" was employed by OJKAV as a pickup and delivery driver during the respective periods specified in its responses to Paragraphs 5-7.  OJKAV denies the remaining allegations and conclusions of Paragraph 15.

16.     Neither the Named Plaintiffs nor any member of the FLSA and IMWL Classes drove over state lines during the course of their delivery routes; they each made only local, intrastate deliveries for the Defendants.

**ANSWER:**     OJKAV admits that the Named Plaintiffs' assigned delivery routes would not have required them to drive across state lines.  OJKAV denies the remaining allegations and conclusions of Paragraph 16.

17.     Neither the Named Plaintiffs nor any member of the FLSA or IMWL Classes exercised significant discretion in the execution of his or her job duties.

**ANSWER:**     OJKAV denies the allegations of Paragraph 17.

18.     At the beginning of their shifts, the Named Plaintiffs were required to report to FedEx Ground's terminal in order to pick up and pack their deliveries for the day.

**ANSWER:**     OJKAV admits that the Named Plaintiffs' jobs required them to pick up their trucks at a FedEx Ground terminal.  OJKAV admits that on certain days, the Named Plaintiffs' jobs required them to load packages from a palette onto their assigned truck.  OJKAV denies the remaining allegations of Paragraph 18.

19.     The Named Plaintiffs received information about their deliveries and schedule from both Defendants.

**ANSWER:**     The phrase "information about their deliveries and schedule" is vague, and therefore an accurate response may not be possible.  As OJKAV understands the allegations of Paragraph 19, OJKAV admits that on a daily basis it assigned each of the Named Plaintiffs to a FedEx Ground terminal and a truck and route, and that the packages assigned to their truck and route would dictate their driving schedule for that day.  OJKAV denies any remaining allegations of Paragraph 19.

20.     The Named Plaintiffs were not compensated for any time that they spent at the FedEx Ground terminal prior to leaving for their routes.

**ANSWER:**     OJKAV denies the allegations of Paragraph 20.

21.     Neither Defendant accurately tracked the amount of time that the Named Plaintiffs spent at the FedEx Ground terminal prior to leaving for their routes.

**ANSWER:**     OJKAV admits that each of the Named Plaintiffs was provided with a method and means to accurately track their own on-duty, dispatch, and off-duty times as required by the Department of Transportation.  OJKAV denies the remaining allegations of Paragraph 21 as to OJKAV.  OJKAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 as to FedEx Ground, and therefore denies them.

22.     The Named Plaintiffs estimate that they routinely spent approximately 2-3 hours at the FedEx Ground terminal each morning, loading their trucks and preparing for their day.

**ANSWER:**     OJKAV denies the allegations of Paragraph 22.

23.     Upon leaving the FedEx Ground Facility in order to begin their delivery routes, the Named Plaintiffs were required to log in with FedEx using a FedEx scanner that tracked deliveries.

**ANSWER:**     OJKAV admits that each of the Named Plaintiffs was provided with a scanner and a phone application to accurately track their own on-duty, dispatch, and off-duty times as required by the Department of Transportation, as well as to track their deliveries.  OJKAV denies the remaining allegations of Paragraph 23.

24.     Upon leaving the FedEx Ground Facility in order to begin their delivery routes, the Named Plaintiffs could also punch in using a Google app.

**ANSWER:**     OJKAV admits that each of the Named Plaintiffs was provided with a scanner and a phone application to accurately track their own on-duty, dispatch, and off-duty times as required by the Department of Transportation.  OJKAV denies the remaining allegations of Paragraph 24.

25.     During the day, the Named Plaintiffs did not break for lunch or to rest; they routinely packed their own lunch and snacks, and ate as they drove between delivery locations.

**ANSWER:**     OJKAV affirmatively states that the Named Plaintiffs were required to take lunch and rest breaks as required by the Department of Transportation.  OJKAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies them.

26.     The Named Plaintiffs wore FedEx uniforms that had Ojkav's logo embroidered on the sleeve. These uniforms were provided by Ojkav.

**ANSWER:**     OJKAV admits the allegations of Paragraph 26.

27.     The Named Plaintiffs drove trucks that prominently displayed the FedEx logo.

**ANSWER:**     OJKAV admits the allegations of Paragraph 27.

28.     The Named Plaintiffs exclusively delivered packages routed to Okjav by FedEx Ground, while employed by Okjav.

**ANSWER:**     OJKAV admits that each of the Named Plaintiffs, while employed by OJKAV, delivered exclusively packages sent to and from customers via FedEx.  OJKAV denies the remaining allegations of Paragraph 28.

29.     At the end of each day, the Named Plaintiffs were required to return to the FedEx Ground facility in order to return their trucks.

**ANSWER:**     OJKAV admits that each of the Named Plaintiffs was required to return their truck at the end of each work day to the same FedEx Ground terminal at which they picked up their truck that morning.  OJKAV denies the remaining allegations of Paragraph 29.

30.     Based on the records from FedEx's scanner system, FedEx Ground generates a weekly settlement report showing the details of each driver's stops, packages, density stops, and deliveries.

**ANSWER:**     On information and belief, OJKAV admits the allegations of Paragraph 30.

31.     A manager from FedEx Ground reviews and signs off on the Named Plaintiffs' settlement sheets, and provides them with their route each day.

**ANSWER:**     OJKAV denies the allegations of Paragraph 31.

32.     Ojkav processes the FedEx settlement sheets and issues compensation to the Named Plaintiffs on a weekly basis.

**ANSWER:**     OJKAV admits that it compensated the Named Plaintiffs on a weekly basis. OJKAV denies the remaining allegations of Paragraph 32.

33.     Upon information and belief, both Defendants play an integral role in the compensation practices and procedures applicable to the Named Plaintiffs.

**ANSWER:**     OJKAV admits that it establishes the basis for compensating each of its individual employees, including each the Named Plaintiffs, and for paying the amounts due to them. OJKAV denies that there is a uniform set of "compensation practices" applicable to each of the Named Plaintiffs as OJKAV understands that phrase and allegation. Except as expressly admitted, OJKAV denies the remaining allegations of Paragraph 33.

34.     Defendants compensated Plaintiffs Fears and Bermudez on a salary basis that was intended to cover a 40-hour workweek.

**ANSWER:**     OJKAV admits that Plaintiffs Fears and Bermudez were compensated on a salary basis. OJKAV denies the remaining allegations of Paragraph 34.

35.     Defendants compensated Plaintiff Gomez on a piece rate basis, paying him per stop.

**ANSWER:**     OJKAV admits that Plaintiff Gomez was compensated on a "per stop" basis. OJKAV denies the remaining allegations and conclusions of Paragraph 35.

36.     All the Named Plaintiffs worked significant overtime hours on a weekly basis: Plaintiff Fears estimates that he routinely worked 50-60 hours per week, and upwards of 60-70 hours per week during busy periods; Plaintiff Gomez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods; and Plaintiff Bermudez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods.

**ANSWER:**     OJKAV denies the allegations of Paragraph 36.

37.     The Named Plaintiffs observed that other drivers also worked a significant number of overtime hours each week.

**ANSWER:**     OJKAV denies the allegations of Paragraph 37.

38.     Members of the putative FLSA and IMWL Classes in fact regularly worked more than forty (40) hours each week.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 38.

39.     Defendants did not pay the Named Plaintiffs or any member of the putative FLSA or IMWL Classes any additional compensation for time that they worked in excess of forty (40) hours per week.

**ANSWER:**     OJKAV denies the allegations of Paragraph 39.

40.     Defendants categorized the Named Plaintiffs and all members of the putative Classes as "exempt" from the overtime provisions of the FLSA and IMWL.

**ANSWER:**     OJKAV admits that some or all of its truck drivers, including the Named Plaintiffs, were exempt from the overtime provisions of the FLSA and IMWL. OJKAV denies the remaining allegations and conclusions of Paragraph 40.

41.     Upon information belief, all putative FLSA and IMWL class members were required to work similar hours, under similar conditions, and pursuant to the same compensation policies and practices as described herein by the Named Plaintiffs.

**ANSWER:**     To the extent that Paragraph 41 purports to incorporate or make reference prior allegations in the Complaint, OJKAV incorporates its responses as if set forth in response to Paragraph 41. The phrases "similar hours" and "under similar conditions" are too vague for

OJKAV to either admit or deny as alleged as to the Named Plaintiffs. OJKAV denies the

remaining allegations and conclusions of Paragraph 41.

42.     The Defendants' policies and practices with regard to their failure to properly classify drivers as non-exempt employees, track and record drivers' hours, and/or accurately pay its drivers overtime workweek-by-workweek, were applied uniformly with respect to the Named Plaintiffs and all members of the putative FLSA and IMWL Classes.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 42.

43.     The Defendants knew or should have known about their obligations to compensate its drivers at the appropriate overtime rate for hours worked in excess of forty (40) per week.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 42.


## CLASS ALLEGATIONS

44.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following IMWL class:

> All persons who (1) worked for Okjav and/or FedEx Ground as pickup and delivery drivers (2) in the State of Illinois (3) during the three years preceding the filing of this lawsuit, who (4) made only local, intrastate deliveries and (5) worked over forty hours in at least one workweek but (5) were classified as "exempt" under the Illinois Minimum Wage Law.

**ANSWER:**     OJKAV admits that Plaintiffs purport to bring this case as described in

Paragraph 44 but denies that Plaintiffs can bring this case as described in Paragraph 44. OJKAV

denies the remaining allegations and conclusions of Paragraph 44.

45.     The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the Plaintiff Class numbers between fifty and several hundred individuals over the statutory timeframe.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 45.

46.     Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that Defendants misclassified its drivers as exempt employees when they were in fact entitled to receive overtime compensation for hours worked in excess of forty in one workweek. In short, the claims of the Named Plaintiffs are identical to the claims of the class members.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 46.

47.     The Named Plaintiffs are adequate representatives of the IMWL Class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the Named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 47.

48.     Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

**ANSWER:**     OJKAV denies the allegations in the first sentence of Paragraph 48.

OJKAV is without knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of Paragraph 48 and therefore denies them.

49.     Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 49.

## COUNT I
## FAIR LABOR STANDARDS ACT
## (NATIONWIDE COLLECTIVE ACTION)

50.     The Named Plaintiffs incorporate the above Paragraphs though fully set forth herein.

**ANSWER:**     OJKAV incorporates here its responses to Paragraphs 1-49 above.

51.     This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for its failure to pay the Named Plaintiffs and all members of the FLSA Class for all hours worked, and overtime wages for all hours worked in excess of forty (40) per workweek.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 51.

52.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. The Named Plaintiffs attach as Gr. Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

**ANSWER:**     The allegations of Paragraph 52 contain conclusions of law to which no

response is required.  To the extent that a response is required, OJKAV denies the allegations and

conclusions of Paragraph 52.

53.     All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the FLSA, on company-wide bases for at least all members of the FLSA Class.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 53.

54.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 54.

55.     The Named Plaintiffs' experiences are typical of the experiences of the putative members of the FLSA Class, as set forth above.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 55.

56.     For all members of the FLSA Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire FLSA Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 56.

57.     The members of the FLSA Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 57.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a)     Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)     Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

f)     Awarding such additional relief as the Court may deem just and proper.

**ANSWER:**     OJKAV denies that Plaintiffs and the putative class are entitled to any of

the relief sought in the "WHEREFORE" Paragraph and subparagraphs following Paragraph 57.


## COUNT II
## ILLINOIS MINIMUM WAGE LAW
## (ILLINOIS STATE CLASS ACTION)

58.     The Named Plaintiffs incorporate the above Paragraphs as though fully set forth herein.

**ANSWER:**     OJKAV incorporates here its responses to Paragraphs 1-57 above.

59.     This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, et seq., for their failure to pay the Named Plaintiffs for all hours worked or to pay any overtime wages for all hours worked in excess of forty (40) per workweek.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 59.

14

60.     All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the IMWL, on company-wide bases for at least all members of the IMWL Class.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 60.

61.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the IMWL, since Defendants' conduct shows that they either knew that its conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 61.

62.     The Named Plaintiffs' experiences are typical of the experiences of the putative members of the IMWL Class, as set forth above.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 62.

63.     The members of the IMWL Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 63.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a)     Certifying this matter as a class action and finding that the Named Plaintiffs are adequate class representatives;

b)     Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all Class members pursuant to the IMWL;

c)     Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

d)     Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

e)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

f)     Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; and

g)     Ordering such other and further relief as this Court deems appropriate and just.

**ANSWER:**     OJKAV denies that Plaintiffs and the putative class are entitled to any of

the relief sought in the "WHEREFORE" Paragraph and subparagraphs following Paragraph 63.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## (INDIVIDUAL ACTION)

64.     Gomez incorporates the above Paragraphs as though fully set forth herein.

**ANSWER:**     OJKAV incorporates here its responses to Paragraphs 1-63 above.

65.     The IWPCA requires that employers pay employees all wages earned, and shall pay all final compensation of separated employees in full. 820 Ill. Comp. Stat. §§ 115/3, 115/5.

**ANSWER:**     The allegations in Paragraph 65 contain conclusions of law to which no response is required.  To the extent that a response is required, OJKAV denies the allegations of Paragraph 65.

66.     For approximately the first full year of Gomez' employment with Defendants, Defendants compensated Gomez at the rate of $1.45 per stop (regardless of how many packages he dropped at any particular stop, and regardless of the size of the packages he dropped at any particular stop).

**ANSWER:**     OJKAV admits that throughout his employment at OJKAV, for packages sent to or from customers via FedEx, Plaintiff Gomez was paid at a normal rate of $1.45 per stop, regardless of the number of packages or size of the packages he dropped at such stop.  OJKAV denies any remaining allegations of Paragraph 66.

67.     Gomez and the Defendants had an agreement in practice that Defendants would pay Gomez at the rate of $1.45 per stop.

**ANSWER:**     OJKAV admits that throughout his employment at OJKAV, for packages sent to or from customers via FedEx, Plaintiff Gomez was paid at a normal rate of $1.45 per stop. OJKAV denies any remaining allegations of Paragraph 67.

16

68.    Although there is no explicit written agreement between the parties reflecting the compensation rate of $1.45 per stop, Plaintiff Gomez believes that Defendants are in possession of documentation – including compensation records and records reflecting the number of stops he made per pay period – which establish the agreed-upon rate.

**ANSWER:**    OJKAV admits that throughout his employment at OJKAV, for packages sent to or from customers via FedEx, Plaintiff Gomez was paid at a normal rate of $1.45 per stop. OJKAV further admits that it does not have any written contract with Plaintiff Gomez. OJKAV further admits that certain records could be used to establish that Plaintiff Gomez was paid at a normal rate of $1.45 per stop. OJKAV denies any remaining allegations of Paragraph 68.

69.    In or around the spring of 2017, upon information and belief, FedEx Ground entered into a contract with the United States Postal Service ("USPS"), and began to deliver certain packages for the USPS through Ojkav.

**ANSWER:**    On information and belief, OJKAV admits that FedEx Ground entered into an agreement with USPS to deliver certain qualifying USPS packages. OJKAV admits that FedEx Ground requested that OJKAV make certain deliveries of qualifying packages as part of this program, but at a rate that differed from the normal rates paid to OJKAV pursuant to the Independent Services Provider Agreement between them. OJKAV denies the remaining allegations of Paragraph 69.

70.    Gomez realized that when he delivered USPS packages, Defendants paid him at a reduced rate of $1.00 per stop.

**ANSWER:**    OJKAV admits that OJKAV informed Plaintiff Gomez — in advance of delivering any USPS packages — that he would need to be compensated at a rate of $1.00 per stop for delivering such USPS packages, and that Plaintiff Gomez agreed to do so. OJKAV denies any remaining allegations of Paragraph 70.

71.     Gomez raised his concern to the Defendants that he was being underpaid per stop for delivering USPS packages. In response, Defendants assured him that he would not be required to deliver no more than 10 packages per day for USPS. On that basis, Gomez agreed to deliver no more than 10 USPS packages per day at the reduced rate of $1.00 per stop.

**ANSWER:**     OJKAV admits that — in advance of delivering any USPS packages — Plaintiff Gomez raised a concern that the $1.00 per stop rate for USPS packages would be lower than his normal rate of $1.45 per stop for packages sent via FedEx.  OJKAV denies the remaining allegations of Paragraph 71.

72.     However, beginning shortly thereafter, the number of USPS package stops began to significantly increase. During some weeks, USPS package stops comprised approximately half of Gomez' deliveries.

**ANSWER:**     OJKAV admits that the number of USPS packages and stops on any of its drivers' routes would be variable, and that scanner data exists which may confirm the extent of such variability.  Without such data, OJKAV is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 72 and therefore denies them.

73.     Despite Gomez not agreeing to deliver no more than 10 USPS package stops at the reduced $1.00/stop rate, Defendants continued to compensate Gomez at the reduced rate of $1.00 per stop for each USPS package stop that he made, even exceeding 10 in a day.

**ANSWER:**     OJKAV admits that Plaintiff Gomez agreed to be and was compensated at a rate of $1.00 per stop for each USPS package he delivered.  OJKAV denies that it had any agreement with Plaintiff Gomez as to the number of USPS package stops he would make at the rate of $1.00 per stop.  OJKAV denies any remaining allegations of Paragraph 73.

74.     As a result, Gomez was not paid the full amount of compensation ($1.45 per stop, above 10 USPS package stops per day at the $1.00 per stop reduced rate) previously agreed to by the parties.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 74.

75.     As described above, Defendants never provided Gomez with the full amount of his earned compensation.

**ANSWER:**     OJKAV denies the allegations and conclusions of Paragraph 75.

76.     Following Gomez' separation from the Defendants in or around February, Defendants have still not provided Gomez with the compensation due to him per their agreements.

**ANSWER:**     OJKAV admits that Plaintiff Gomez quit his job in or around February

2019.  OJKAV denies the allegations and conclusions of Paragraph 76.

77.     Defendants' failure to pay Gomez his earned compensation constitutes a failure to pay Gomez his earned wages under the IWPCA and failure to provide final compensation in violation of the IWPCA.

**ANSWER:**     Paragraph 77 is a conclusion of law to which no response is required.  To

the extent any response is required, OJKAV denies the allegations and conclusions of Paragraph

77.

WHEREFORE, Plaintiff Gomez respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, including:
   a)     Awarding judgment against the Defendants by ordering payment to Gomez in the amount promised to him, and owed to him, due to Defendants' violations of the IWPCA;
   b)     Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;
   c)     Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);
   d)     Awarding reasonable attorneys' fees and costs incurred in filing this action; and
   e)     Such other and further relief as this Court deems just under the circumstances.

**ANSWER:**     OJKAV denies that Plaintiff Gomez is entitled to any of the relief sought in

the "WHEREFORE" Paragraph and subparagraphs following Paragraph 77.


## JURY TRIAL DEMANDED

OJKAV demands a jury trial on all claims so triable.

## <u>DEFENSES</u>

OJKAV has the right to plead defenses in the alternative, and accordingly asserts the following additional and/or affirmative defenses and reserves the right to amend this pleading to assert other and further additional or affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate.

By designating these matters as "defenses," OJKAV does not suggest either that Plaintiffs do not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiffs must establish to make a prima facie case on one or more of their claims against OJKAV. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

As additional defenses, OJKAV alleges as follows:

1.      The claims of Plaintiffs and any other putative class members or collective action members who have opted in or may later opt in to this suit and on whose behalf Plaintiffs purport to bring this collective and class action ("Alleged Collective and Class Action Members") are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

2.      OJKAV is entitled to costs under Federal Rule of Civil Procedure 41(d).

3.      The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

4.      The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred in whole or in part due to lack of standing.

5.     The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion, and by cases filed before this one asserting the same claims on behalf of the same individuals.

6.     The claims of Plaintiffs and any Alleged Collective and Class Action Members, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual, mandatory, and binding arbitration.

7.     To the extent that Plaintiffs and any Alleged Collective and Class Action Members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

8.     The claims of Plaintiffs and any Alleged Collective and Class Action Members are subject to the FLSA's two-year limitations period, and any state counterpart, because any violation of the FLSA and state counterpart, which OJKAV denies, was not willful and reckless as required to apply a three-year limitations period.

9.     The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred or reduced by their failure to mitigate or avoid their damages, if any.

10.     The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred, in whole or in part, by their failure to properly report or document their hours worked.

11.     At all pertinent times, OJKAV acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations with regard to some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating federal or state law, and with no actual or constructive notice of any FLSA or state law violation.

12. OJKAV at all times acted in good faith to comply with the FLSA and state law and with reasonable grounds to believe that its actions did not violate the FLSA or state law, and OJKAV asserts a lack of willfulness or intent to violate the FLSA or state law as a defense to any claim for liquidated damages.

13. OJKAV has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to OJKAV's obligation to pay any sum that may be alleged to be due.

14. This action is barred to the extent Plaintiffs or any FLSA Collective or Class Action Members seek recovery for time that is not compensable time under the FLSA or state law claims.

15. The damages, if any, of Plaintiffs and any Alleged Collective and Class Action Members were proximately caused by persons or entities other than OJKAV, including Plaintiffs, and/or Alleged Collective and Class Action Members.

16. OJKAV reserves the right to seek contribution and/or indemnification from other parties whose actions contributed to or caused the damages of Plaintiffs and any Alleged Collective and Class Action Members, which damages are specifically denied.

17. The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred or preempted, in whole or in part, by federal law and state law counterparts, including, without limitation, by the regulation of interstate and intrastate commerce in general and the transportation industry in particular, including, but not limited to, the Motor Carrier Exemption, 29 U.S.C. §213(b)(1).

18.     The claims of Plaintiffs and any Alleged Collective and Class Action Members are barred in whole or in part because these individuals are exempt from the overtime requirements of the FLSA, the IWHA and other state law.

19.     The Complaint cannot and should not be maintained on a collective or class action basis because the claims fail to meet the necessary requirements for certification as a collective or class action.

20.     Plaintiffs Fears, Gomez, and Bermudez, and each of them individually, do not and cannot fairly and adequately protect the interests of the putative Alleged Collective and Class Action Members.

21.     Plaintiffs cannot establish that they are similarly situated to others for purposes of a collective action against OJKAV under the FLSA.

22.     The claims of Plaintiffs and any FLSA Collective or Class Action Members are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction and/or other equitable defenses.

23.     Plaintiffs and any Alleged Collective and Class Action Members have sustained no damages or, if any, have suffered only *de minimis* damages, which are not actionable under the FLSA or state law.

## **RESERVATION OF RIGHTS**

OJKAV has not knowingly or intentionally waived any applicable defenses, and it reserves the right to amend its Answer and Defenses as warranted through the discovery process and to assert additional defenses that may become known to it.

**PRAYER FOR RELIEF**

OJKAV respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment for OJKAV, and that the Court award OJKAV its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

Dated:  May 1, 2019.                    Respectfully submitted,


*s/ Scott H. Gingold*
Scott H. Gingold

GINGOLD LEGAL
1326 Isabella St.
Evanston, IL 60201
Telephone:     773-793-9093
Email:   scott@gingoldlegal.com

Attorneys for Defendant OJKAV, Inc.

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on May 1, 2019, I electronically filed the foregoing **OJKAV's ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties and counsel of record as indicated below.

- **Alejandro Caffarelli**
  acaffarelli@caffarelli.com, jgermann@caffarelli.com

- **Madeline K. Engel**
  mengel@caffarelli.com, jgermann@caffarelli.com

- **Lorraine Teraldico Peeters**
  lpeeters@caffarelli.com, jgermann@caffarelli.com

- **Jessica G. Scott**
  scott@wtotrial.com

- **James Daniel Helenhouse**
  jhelehnouse@fletcher-sippel.com, dguzman@fletcher-sippel.com

- **Chloe G. Pederson**
  cpederson@fletcher-sippel.com, dguzman@fletcher-sippel.com

*s/ Scott H. Gingold*