UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIONE FEARS, JOSE GOMEZ, and FRANCISCO BERMUDEZ, on behalf of themselves and all other similarly situated persons, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> OJKAV, INC., and FEDEX GROUND PACKAGE SYSTEM, INC., <br><br> Defendants. | Case No. 1:19-cv-01827 <br> **Hon. Mary Rowland** |

## FIRST AMENDED COMPLAINT

Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez (together, the "Named Plaintiffs"), on behalf of themselves and all other similarly situated persons nationwide, known and unknown, by and through their attorneys, Caffarelli & Associates Ltd., complain against Defendants Ojkav, Inc. ("Ojkav") and FedEx Ground Package System, Inc. ("FedEx Ground"), per below.

### NATURE OF ACTION

1. Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and a class action in the State of Illinois under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL") and Indiana Minimum Wage Law, Ind. Code Tit. § 22-2-2-4, based upon Defendants' failure to properly or fully compensate them for hours worked in excess of forty (40) per workweek.

2. Plaintiff Gomez also brings an individual claim against Defendants pursuant to the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 *et seq.* ("IWPCA"), based upon Defendants' failure to pay Gomez at the agreed-upon rate for each stop he made.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed at Defendants' facilities located within the State of Illinois, as well as (with respect to certain putative Collective Class members) other facilities nationwide. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Dione Fears resides in Chicago, Illinois, in this judicial district, and has worked as a delivery driver for Defendants beginning in or around April 2018 and continuing through the present date.

6. Jose Gomez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately March 2016 through approximately February 2019.

7. Francisco Bermudez resides in Chicago, Illinois, in this judicial district, and worked as a delivery driver for Defendants from approximately September 2016 through approximately March 2018. He worked in Indiana for several months before transferring to a route in Illinois.

8. The Named Plaintiffs and the nationwide FLSA Collective Class (the "FLSA Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week.

9. The Named Plaintiffs and the Illinois State IMWL Class (the "IMWL Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries in Illinois, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week during weeks in which they drove trucks weighing less than 10,000 pounds.

10. The Named Plaintiffs and the Indiana State Class (the "Indiana Class") that they seek to represent are current and former employees who have worked as delivery drivers, who were transportation workers solely engaged in local, intrastate deliveries in Indiana, and who were not properly paid their full and correct compensation as overtime for hours they worked in excess of forty (40) per week during weeks in which they drove trucks weighing less than 10,000 pounds.

11. During the relevant statutory periods, the Named Plaintiffs and all members of the FLSA and IMWL and Indiana Classes were employed by Defendants as "employees" as defined by the FLSA, IMWL, and Indiana law. Gomez was an "employee" of the Defendants as defined by the IWPCA.

12. During the course of their employment, the Named Plaintiffs and members of the FLSA and IMWL and Indiana Classes were not exempt from the maximum hours provisions of the Indiana law, IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

13. Ojkav, Inc. is a Contractor Service Provider ("CSP") of Fedex Ground, and employs pickup and delivery drivers throughout the nation. Ojkav is an Illinois corporation that does business in Illinois and Indiana.

14. FedEx Ground is a package shipping company that is a subsidiary of the FedEx Corporation. It is headquartered in Moon Township, Pennsylvania, but does business nationwide. The Named Plaintiffs each worked from FedEx Ground's facility in or near Mokena, Illinois.

15. During the relevant statutory periods, the Defendants were the Plaintiffs' "employers" as defined by the FLSA and IMWL and Indiana Law, and were Gomez' "employer" as defined by the IWPCA.

## FACTUAL ALLEGATIONS

16. The Named Plaintiffs and each member of the FLSA and IMWL and Indiana Classes worked as pickup and delivery drivers for the Defendants during relevant statute of limitations.

17. Neither the Named Plaintiffs nor any member of the FLSA and IMWL and Indiana Classes drove over state lines during the course of their delivery routes; they each made only local, intrastate deliveries for the Defendants.

18. Neither the Named Plaintiffs nor any member of the FLSA or IMWL and Indiana Classes exercised significant discretion in the execution of his or her job duties.

19. At the beginning of their shifts, the Named Plaintiffs were required to report to FedEx Ground's terminal in order to pick up and pack their deliveries for the day.

20. The Named Plaintiffs received information about their deliveries and schedule from both Defendants.

21. The Named Plaintiffs were not compensated for any time that they spent at the FedEx Ground terminal prior to leaving for their routes.

22. Neither Defendant accurately tracked the amount of time that the Named Plaintiffs spent at the FedEx Ground terminal prior to leaving for their routes.

23. The Named Plaintiffs estimate that they routinely spent approximately 2-3 hours at the FedEx Ground terminal each morning, loading their trucks and preparing for their day.

24. Upon leaving the FedEx Ground Facility in order to begin their delivery routes, the Named Plaintiffs were required to log in with FedEx using a FedEx scanner that tracked deliveries.

25. Upon leaving the FedEx Ground Facility in order to begin their delivery routes, the Named Plaintiffs could also punch in using a Google app.

26. During the day, the Named Plaintiffs did not break for lunch or to rest; they routinely packed their own lunch and snacks, and ate as they drove between delivery locations.

27. The Named Plaintiffs wore FedEx uniforms that had Ojkav's logo embroidered on the sleeve. These uniforms were provided by Ojkav.

28. The Named Plaintiffs drove trucks that prominently displayed the FedEx logo.

29. The Named Plaintiffs exclusively delivered packages routed to Okjav by FedEx Ground, while employed by Okjav.

5

30. At the end of each day, the Named Plaintiffs were required to return to the FedEx Ground facility in order to return their trucks.

31. Based on the records from FedEx's scanner system, FedEx Ground generates a weekly settlement report showing the details of each driver's stops, packages, density stops, and deliveries.

32. A manager from FedEx Ground reviews and signs off on the Named Plaintiffs' settlement sheets, and provides them with their route each day.

33. Ojkav processes the FedEx settlement sheets and issues compensation to the Named Plaintiffs on a weekly basis.

34. Upon information and belief, both Defendants play an integral role in the compensation practices and procedures applicable to the Named Plaintiffs.

35. Defendants compensated Plaintiffs Fears and Bermudez on a salary basis that was intended to cover a 40-hour workweek.

36. Defendants compensated Plaintiff Gomez on a piece rate basis, paying him per stop.

37. All the Named Plaintiffs worked significant overtime hours on a weekly basis: Plaintiff Fears estimates that he routinely worked 50-60 hours per week, and upwards of 60-70 hours per week during busy periods; Plaintiff Gomez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods; and Plaintiff Bermudez estimates that he routinely worked 45-50 hours per week, and upwards of 60-70 hours per week during busy periods.

38. The Named Plaintiffs observed that other drivers also worked a significant number of overtime hours each week.

39. Members of the putative FLSA and IMWL and Indiana Classes in fact regularly worked more than forty (40) hours each week.

40. Defendants did not pay the Named Plaintiffs or any member of the putative FLSA or IMWL and Indiana Classes any additional compensation for time that they worked in excess of forty (40) hours per week.

41. Defendants categorized the Named Plaintiffs and all members of the putative Classes as "exempt" from the overtime provisions of the FLSA and IMWL and Indiana law.

42. Upon information belief, all putative FLSA and IMWL and Indiana class members were required to work similar hours, under similar conditions, and pursuant to the same compensation policies and practices as described herein by the Named Plaintiffs.

43. The Defendants' policies and practices with regard to their failure to properly classify drivers as non-exempt employees, track and record drivers' hours, and/or accurately pay its drivers overtime workweek-by-workweek, were applied uniformly with respect to the Named Plaintiffs and all members of the putative FLSA and IMWL and Indiana Classes.

44. The Defendants knew or should have known about their obligations to compensate its drivers at the appropriate overtime rate for hours worked in excess of forty (40) per week.

## CLASS ALLEGATIONS

45. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following IMWL and Indiana class:

> All persons employed by OJKAV as delivery drivers at any time in Illinois and/or Indiana during the three years preceding the filing of the Complaint and who drove a truck with a gross vehicle weight rating below 10,000 pounds on at least one day during a workweek in which the individual also worked more than forty hours.

46. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the Plaintiff Class numbers between fifty and several hundred individuals over the statutory timeframe.

47. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that Defendants misclassified its drivers as exempt employees when they were in fact entitled to receive overtime compensation for hours worked in excess of forty in one workweek. In short, the claims of the Named Plaintiffs are identical to the claims of the class members.

48. The Named Plaintiffs are adequate representatives of the IMWL and Indiana Class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the Named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

49. Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

50. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Nationwide Collective Action)

51. The Named Plaintiffs incorporate the above paragraphs though fully set forth herein.

52. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Named Plaintiffs and all members of the FLSA Class for all hours worked, and overtime wages for all hours worked in excess of forty (40) per workweek.

53. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. The Named Plaintiffs attach as Gr. Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

54. All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the FLSA, on company-wide bases for at least all members of the FLSA Class.

55. Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

56. The Named Plaintiffs' experiences are typical of the experiences of the putative members of the FLSA Class, as set forth above.

57. For all members of the FLSA Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire FLSA Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

58. The members of the FLSA Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Illinois State Class Action)

59. The Named Plaintiffs incorporate the above paragraphs as though fully set forth herein.

60. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay the Named Plaintiffs for all hours worked or to pay any overtime wages for all hours worked in excess of forty (40) per workweek.

61. All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the IMWL, on company-wide bases for at least all members of the IMWL Class.

62. Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the IMWL, since Defendants' conduct shows that they either knew that its conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

63. The Named Plaintiffs' experiences are typical of the experiences of the putative members of the IMWL Class, as set forth above.

64. The members of the IMWL Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Dione Fears, Jose Gomez, and Francisco Bermudez, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a) Certifying this matter as a class action and finding that the Named Plaintiffs are adequate class representatives;

b) Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all Class members pursuant to the IMWL;

c) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

11

    d)    Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

    e)    Awarding reasonable attorneys' fees and costs incurred in filing this action;

    f)    Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

    g)    Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## INDIANA MINIMUM WAGE LAW
### (Indiana State Class Action)

65.    The Named Plaintiffs incorporate the above paragraphs as though fully set forth herein.

66.    This Count arises from Defendants' violation of the Indiana MWL, Ind. Code Tit. § 22-2-2-4, for their failure to pay the Bermudez and any Class Members for all hours worked or to pay any overtime wages for all hours worked in excess of forty (40) per workweek.

67.    All past and present employees of Defendants who performed non-exempt work as drivers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Bermudez, in that Defendants applied their compensation policies, which violate the Indiana law, on company-wide bases for at least all members of the Indiana Class.

68.    Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the Indiana law, since Defendants' conduct shows that they either knew that its conduct violated the Indiana law or showed reckless disregard for whether their actions complied with the Indiana law.

12

69. Bermudez' experiences are typical of the experiences of the putative members of the Indiana Class, as set forth above.

70. The members of the Indiana Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Francisco Bermudez, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a) Certifying this matter as a class action and finding that the Named Plaintiffs are adequate class representatives;

b) Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all Class members pursuant to the Indiana law;

c) Awarding prejudgment interest on the back pay;

d) Awarding statutory damages;

e) Awarding reasonable attorneys' fees and costs incurred in filing this action;

f) Entering an injunction precluding Defendants from violating the Indiana Minimum Wage Law; and

g) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT IV
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Individual Action)

71. Gomez incorporates the above paragraphs as though fully set forth herein.

72. The IWPCA requires that employers pay employees all wages earned, and shall pay all final compensation of separated employees in full. 820 Ill. Comp. Stat. §§ 115/3, 115/5.

73. For approximately the first full year of Gomez' employment with Defendants, Defendants compensated Gomez at the rate of $1.45 per stop (regardless of how many packages

13

he dropped at any particular stop, and regardless of the size of the packages he dropped at any particular stop).

74. Gomez and the Defendants had an agreement in practice that Defendants would pay Gomez at the rate of $1.45 per stop.

75. Although there is no explicit written agreement between the parties reflecting the compensation rate of $1.45 per stop, Plaintiff Gomez believes that Defendants are in possession of documentation – including compensation records and records reflecting the number of stops he made per pay period – which establish the agreed-upon rate.

76. In or around the spring of 2017, upon information and belief, FedEx Ground entered into a contract with the United States Postal Service ("USPS"), and began to deliver certain packages for the USPS through Ojkav.

77. Gomez realized that when he delivered USPS packages, Defendants paid him at a reduced rate of $1.00 per stop.

78. Gomez raised his concern to the Defendants that he was being underpaid per stop for delivering USPS packages. In response, Defendants assured him that he would not be required to deliver no more than 10 packages per day for USPS. On that basis, Gomez agreed to deliver no more than 10 USPS packages per day at the reduced rate of $1.00 per stop.

79. However, beginning shortly thereafter, the number of USPS package stops began to significantly increase. During some weeks, USPS package stops comprised approximately half of Gomez' deliveries.

80. Despite Gomez not agreeing to deliver no more than 10 USPS package stops at the reduced $1.00/stop rate, Defendants continued to compensate Gomez at the reduced rate of $1.00 per stop for each USPS package stop that he made, even exceeding 10 in a day.

81. As a result, Gomez was not paid the full amount of compensation ($1.45 per stop, above 10 USPS package stops per day at the $1.00 per stop reduced rate) previously agreed to by the parties.

82. As described above, Defendants never provided Gomez with the full amount of his earned compensation.

83. Following Gomez' separation from the Defendants in or around February, Defendants have still not provided Gomez with the compensation due to him per their agreements.

84. Defendants' failure to pay Gomez his earned compensation constitutes a failure to pay Gomez his earned wages under the IWPCA and failure to provide final compensation in violation of the IWPCA.

WHEREFORE, Plaintiff Gomez respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, including:

    a) Awarding judgment against the Defendants by ordering payment to Gomez in the amount promised to him, and owed to him, due to Defendants' violations of the IWPCA;

    b) Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;

    c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    e) Such other and further relief as this Court deems just under the circumstances.

Dated: September 16, 2019

Alejandro Caffarelli, #6239078
Lorrie T. Peeters, #6290434
Madeline Engel, #6303249
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,

DIONE FEARS, JOSE GOMEZ, and
FRANCISCO BERMUDEZ, on behalf of
themselves and all other similarly situated
persons, known and unknown,


By: /s/ Lorrie Peeters
    Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 16, 2019, the foregoing First Amended Complaint was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

| *Counsel for Ojkav, Inc.* | *Counsel for FedEx Ground* |
|---|---|
| Scott H. Gingold (lead)<br>Gingold Legal<br>1326 Isabella St.<br>Evanston, IL 60201 | Jessica G. Scott (lead)<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth St., Ste. 4500<br>Denver, CO 80202<br><br>James D. Helenhouse<br>Chloe G. Pedersen<br>Fletcher & Sippel LLC<br>29 N. Wacker Dr., Ste. 800<br>Chicago, IL 60606 |

/s/ Lorrie T. Peeters
One of Plaintiff's Attorneys